By the Court.—Jones, J.
The charge of the judge, that the plaintiff was entitled to recover for the extra work if the jury believed his testimony, and that the extra work was done under the direction of the defendant, coupled with his overruling defendant’s objection to the question, “ State the value of the, work, and material which you furnished on that house?” (which objection was based on the ground that the work was done under the contracts and the complaint was not on them) and his ruling that as the pleadings stood the plaintiff would be confined to a recovery of the extra work done outside of the two contracts, was clearly a ruling that the work for which a recovery was had was not done under or included, in the contracts, and, as a consequence of this, that a breach of these contracts by plaintiff was no defense. It is evi-' dent that the case was tried and disposed of on this theory.
*170 The exception to this part of the charge sufficiently raises the question as to whether the principles on which the case was disposed of are correct or not.
There is no dispute but that the work recovered for was done on the building which the defendant had agreed by written contract to erect, and for the purposes of this decision it must be assumed (for so the •jury have found) that the work recovered for was done under defendant’s directions, and that it was not specified in the contracts, specifications or plans..
But, notwithstanding all this, it was under the third clause of the contract done under and included in the contract; and, consequently, if the contract had not been fully performed, the plaintiff was not entitled to recover for the work for which he was allowed to recover.
Although the defendant pleaded the non-performance as a bar, and attempted to plead damages sustained by that non-performance as a counter-claim, yet there having been no motion made to compel an election, he was at liberty to elect at the trial.
The fact that he, after the court had held that certain work claimed for by plaintiff was not work under the contract, sought to avail himself of the damages caused.by the breach as a counter-claim, should not prejudice him in his right to elect to use that breach as a bar when the ruling of the court is such as to put him on an election.
The principle on which the case was tried was erroneous, as above stated, and the exception to the charge sufficiently presents the error for review.
Judgment reversed and new trial ordered, with costs to appellant to abide the event.
Ereedmak, J., concurred.